Juctge Wright
delivered the opinion of the court:
By the law of this state, 22 Ohio L. 412, power is given to the board of commissioners in each county, to form political townships of not less than twenty-two square miles (except including an incorporated town), and to alter the boundaries. ^of townships when necessary; and such townships become thenceforth bodies corporate. No provision is found in the general law,, nor in the act establishing Union county, providing for the division of townships cut in two by the lines of a new county, or directing the disposition of the territory thus severed, or of the property of such townships, or of the paupers and other charges upon them. Until the general assembly do make other provision, we must decide questions arising out of such difficulties upon common principles.
Where a township is divided by competent authority, and a. portion of the territory formed into a .new township, unless provision is made in the act of separation for a division of the property and paupers, both remain with the old township, or that part which retains the name or corporate franchises. The law is so laid down in Massachusetts and Connecticut upon good reason. 4 Mass. 278, 452; 4 Day, 189. The local residence of the pauper at the time of separation makes no difference. He belongs to the township, and has no locality peculiar to himself within it. In the case on trial, the pauper never had a settlement in Union township, and Pike can have no right of action against it. The pauper had a settlement in Pike at the time a part of its territory was-cut off into Union county. But as he was not attached to the territory, he was not transferred with it. He remained a charge on Pike.- But if this wore less clear, still Pike could not recover against Union without evidence to show that the territory cut off *485 ■from. Pike has been attached to Union township. That it is included. in Union county is not sufficient to incorporate the territory embraced into any township.
By the law (22 Ohio L. 230, 231) paupers in townships where they have not gained a legal settlement, who need assistance, may be supplied by such township. at the expense of the township where the pauper was last legally settled, and recovery had of the -amount of such assistance and the expense of removal of the township where the pauper was last legally settled. The case on trial is not within this provision. This pauper was not within or supplied by a township where he had not been legally settled, bub where he had been settled. We are not able to find any provision of the ^statute or principle of law that will sustain th'e plaintiff’s case.
Yerdict and judgment for defendant.